## IN THE COURT OF APPEALS OF IOWA

No. 18-0883
Filed January 9, 2019

**DUSTIN ROBBINS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Appeal from the denial of postconviction relief. **AFFIRMED.**

Ashley Beisch of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Dustin Robbins pleaded guilty to robbery in the first degree and possession of a firearm by a felon. He was sentenced to an indeterminate term of incarceration not to exceed twenty-five years.

This appeal arises out of the denial of Robbins's application for postconviction relief. In his application, Robbins contended his plea counsel provided constitutionally deficient representation in failing to investigate and pursue the defense of diminished responsibility. Following a bench trial, the district court denied the application for postconviction relief, and Robbins timely filed this appeal. On appeal, Robbins contends the district court erred in denying his claim for relief. He also presents a new claim for the first time on appeal. In his new claim, he contends his plea was not knowing and voluntary because his counsel failed to advise him of the applicable minimum sentence.

On de novo review, *see Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001), we conclude the district court did not err in denying Robbins's application for postconviction relief. Setting aside the error-preservation issues and turning to the merits, Robbins's claims are directly contrary to the record. The record reflects Robbins's plea counsel thoroughly investigated the defense of diminished responsibility in consultation with experts and concluded there was no viable defense. The record also reflects Robbins was correctly advised of the consequences of the plea. Robbins failed to prove a breach of duty. *See, e.g.*, *Heard v. State*, No. 16-0723, 2018 WL 1631378, at *2 (Iowa Ct. App. Apr. 4, 2018) (holding defendant failed to prove ineffective assistance where "[t]he attorney adequately investigated a diminished-capacity defense and provided [the

defendant] an honest assessment of its chances of success"); *Stone v. State*, No. 16-0136, 2017 WL 3077917, at *4 (Iowa Ct. App. July 19, 2017) (affirming denial of application for postconviction relief where the claims were "not supported by the record"); *Troupe v. State*, No. 15-0678, 2016 WL 1681728, at *2 (Iowa Ct. App. Apr. 27, 2016) (holding defendant failed to prove a breach of duty where counsel "investigated the viability of a diminished-capacity and intoxication defense by consulting with an expert, and it was determined a diminished-capacity defense was unavailable"). Robbins has not proved an entitlement to postconviction relief.

**AFFIRMED.**